WATKINS, Judge,
dissenting.
I disagree with the majority because the result is not consistent with the purpose of the Insurance Guaranty Association law. Under this law, as I understand it, LIGA stands in the same shoes as Manchester.
It is clear that the insured party may recover to the full extent of tort liability unless the workmen’s compensation insurer has intervened in the tort suit. Workmen’s Compensation Law and Practice by Malone and Johnson (Vol. 14, § 369, La. Civil Law Treatise). Only in the case of such intervention does the compensation insurer obtain out of damages awardable for pain and suffering of the employe a recovery against the tort feasor or the tort feasor’s insurer. In such case, and only in such case, is “double recovery” prevented on the part of the employee.
If this were a simple suit against the tort feasor or his insurer, this would not be a difficult case. An additional factor is added to this case, however, as the tort feasor’s insurer, Manchester, is insolvent, and recov *1132 ery is sought against LIGA. According to Hickerson v. Protective Nat. Ins. Co., 883 So.2d 377 (La.1980), LIGA stands in the shoes of the insolvent insurer in most cases. An exception is provided in LSA-R.S. 22:1386(1) under which recovery can be had against LIGA only to the extent recovery is not obtained under another insurance policy-
However, I believe, LSA-R.S. 22:1386(1) clearly refers to a “claim against an insurer” based upon the same cause of action. Here, Senac had two causes of action, one against the tort feasor and his insurer in tort, based on the tort feasor’s fault, and one against the employer and the employer’s workmen’s compensation insurer in workmen’s compensation, where liability arose irrespective of fault on the part of the employer. The two types of insurance afforded by Commercial Union on the one hand and Manchester on the other hand, covered entirely different types of liability, one in workmen’s compensation and the other in tort.
Recovery against one cannot be offset against recovery against the other absent clear and unequivocal statutory mandate. Similarly absent clear statutory mandate, recovery against the compensation carrier cannot be offset against recovery against LIGA. Even if we were to say that LIGA stood in Manchester’s shoes, LIGA would have to pay either Commercial Union or the plaintiff, Senac, and LIGA would have to pay Commercial Union rather than Senac only if Commercial Union had intervened, which Commercial Union did not do.
In summary, as the causes of action against the two insurers, Commercial Union and Manchester, were entirely different, LIGA is not entitled to a reduction for the amount paid plaintiff by Commercial Union under R.S. 22:1386(1).
I respectfully dissent.